IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:06-CV-00299

TRINA B. BROWN,  )
          )
  Plaintiff,    )
           )  **CONSENT PROTECTIVE ORDER**
 v.        )
           )
TIAA-CREF,    )
           )
  Defendant.  )
_____)

  The undersigned parties have agreed to a method for identifying and proscribing the publication and unauthorized use of confidential information, documents and testimony in this matter as outlined below. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties, it is hereby ORDERED as follows:

  1. In connection with discovery proceedings in this action, a party may designate any document, record, thing, or other material, produced by that party, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including, but not limited to, any portion of transcripts or videotapes of depositions or other testimony relating in any way to such confidential documents, records, things, or other materials.[1] Nothing contained herein shall prohibit counsel for any party from designating any portion of any deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if said counsel deems in good faith such testimony to encompass or address matters which should be protected as confidential material. All materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Consent Protective Order (hereinafter "Order"), the information contained therein, and any summaries, copies, abstracts, or other materials derived in whole or in part from such material shall be referred to hereinafter as "Confidential Material."

---

[1] Without limiting the generality of the above-referenced description, "document, record, thing, or other material" shall include answers to interrogatories and other forms of discovery.

2. Confidential Material being produced to a party in discovery shall be so designated by stamping (or otherwise designating) copies of the material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Stamping (or otherwise designating) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of any multi-page document (except depositions) shall designate all pages of the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," unless otherwise indicated by the producing party.

3. The producing party shall mark any Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of producing such items. Nevertheless, inadvertent production of any information that has not been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," pursuant to this Order shall not waive a party's opportunity to claim that such information is Confidential Material, nor shall the party be stopped from later designating such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," if within ten (10) days after actually discovering that such inadvertent production was made, the party designates the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Prior disclosure of such information by other parties shall not be considered a violation of this Order.

4. With respect to depositions taken in this case, a party choosing to designate any portion of a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may do so during the course of the deposition or within 30 days of receipt of the transcript. It is understood and agreed that counsel for the parties will designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only those portions of any deposition that said counsel shall decide in good faith should be so designated. All depositions shall be treated as if designated "CONFIDENTIAL" until the 30-day period for designation expires, unless previously designated as "HIGHLY CONFIDENTIAL."

5. Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this action, and not for any business or other purpose whatsoever. Confidential Material shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of Paragraphs 6 and 7 of this Order. If any Confidential Material becomes "publicly available" as the result of a breach or violation of this Order, or as the result of some other improper or inadvertent conduct, the parties agree nonetheless to treat all such materials as Confidential Material.

6. In addition to employees, or persons acting on behalf of the producing party, Confidential Material produced pursuant to this Order and designated "CONFIDENTIAL" may be disclosed or made available only to the Court (as provided for below), to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), the named parties, and to any "qualified person" as designated below:

  a. Experts or consultants retained by counsel for a party in good faith in connection with the prosecution, defense or settlement of this action (and necessary employees of those experts and consultants);

  b. Deposition and trial witnesses;

  c. Senior Management of the Corporate parties; and

  d. Such other persons[2] as to whom the parties shall agree in writing.

7. In addition to employees or persons acting on behalf of the producing party, Confidential Material produced pursuant to this Order and designated "HIGHLY CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the Court (as provided for below), to counsel for a party

---

[2] The term "person" or "persons," as used in this Agreement, also includes any organization, corporation, entity, business or governmental organization or unit.

(including the paralegal, clerical and secretarial staff employed by such counsel)[3], and to any "qualified person" as designated below:

    a.    Experts or consultants retained by counsel for a party in good faith in connection with the prosecution, defense, or settlement of this action (and necessary employees of those experts and consultants); and

    b.    Such other persons as to whom the parties shall agree in writing.

Moreover, all material designated "HIGHLY CONFIDENTIAL" to this Order shall remain in the offices of the attorneys or of any accountant or other expert retained by an attorney in connection with this litigation and shall not be removed or used off such premises except by the attorneys, accountants, or other experts themselves.

    8.    Prior to receiving or reviewing any Confidential Material, each "qualified person" shall first be advised of this Order by the disclosing party, shall agree to be bound by the terms hereof, and shall execute a Nondisclosure Agreement, in the form of which is attached hereto as **Appendix A**., stating that he/she has read and understands the Order and agrees to be bound thereby. Pursuant to this Order and the Nondisclosure Agreement, all such persons shall be bound by the terms of this Order, and shall not disclose or permit disclosure of the Confidential Material or the information contained therein, other than pursuant to the terms of this Order. Any party may seek appropriate relief to insure the continued protection of the Confidential Material. The originals of the executed Nondisclosure Agreements shall be maintained by counsel for the party who obtained them until final resolution of this litigation. Copies of all executed Nondisclosure Agreements shall be provided to requesting counsel within thirty (30)

---

[3] Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall take care to avoid disclosing any material designated "HIGHLY CONFIDENTIAL" Material.

days of a written request.

9. All Confidential Material discovered or obtained by or on behalf of the parties, or their officers, directors, employees, representatives, agents, attorneys, witnesses, or consultants, shall be used solely for the purposes of prosecuting, defending, or resolving this action and shall not be used for any other purpose.

10. No copies, summaries, or abstracts of Confidential Material designated "CONFIDENTIAL" shall be made for distribution or use by persons other than those persons identified in Paragraph 6. No copies, summaries, or abstracts of Confidential Material designated "HIGHLY CONFIDENTIAL" shall be made for distribution or use by persons other than those persons identified in Paragraph 7.

11. Each "qualified person" described in Paragraphs 6 and 7 to whom Confidential Material is to be furnished, shown, or disclosed will use said Confidential Material solely for the purpose of this litigation and will not communicate the information, directly or indirectly, to any other person.

12. If Confidential Material, including any portion of a deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," is included in or with any papers to be filed in Court, such Confidential Material shall be filed under seal and shall be labeled "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" and shall also contain the following statement:

> CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER
>
> This envelope (or box) contains material which was filed by (name of party) and is not to be opened or the contents thereof displayed or revealed except as provided for in the Protective Order, dated _____, 2007, or by Court Order, or by written agreement of the parties.

The person filing any such documents shall inform the Clerk that all or designated portions thereof are subject to this Order and are to be kept under seal, except that upon the default of this filing party to so inform the Clerk, any party may do so.

13. On settlement or expiration of the time for appeal of any final judgment (or the conclusion of any appeal taken from any final judgment):

    a. All copies of Confidential Material in the possession, control or custody of a party, their counsel, or anyone provided access to same by the party in possession or their counsel, shall be returned to the producing party; provided, however, that counsel for each party may retain one (1) complete set of documents that were produced or served in this action; and

    b. All copies of Confidential Material offered or admitted into evidence in this cause shall be withdrawn from the Court's file and returned to the producing party.

14. This parties' obligations to preserve the confidentiality of Confidential Material produced under this Order shall survive the final termination of this action.

15. Any document produced or exchanged in the course of this litigation, as to which a claim of attorney-client privilege or work product immunity is asserted, will be deemed to have been produced or exchanged inadvertently and will be immediately returned upon request to the producing party, notwithstanding any dispute over the asserted privilege if such a dispute arises, without any copies being made or retained by the receiving party. Any such document will be regarded as not having been produced, and its inadvertent production will not be cited as grounds for any claim of waiver of attorney-client privilege or work product immunity. For all documents for which a party may assert a privilege, the party asserting the privilege shall submit

a "privilege" log in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

16. The parties' agreement to this Order shall not constitute a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Order shall be without prejudice to the rights of any party to oppose production of any information for lack of relevance, on the basis of any privilege or work product protection doctrine, or on any other ground.

17. The Court shall impose sanctions on any person or entity granted access to Confidential Material hereunder who uses or discloses such information for any purpose other than as provided or permitted by the terms of this Order. Nothing in this Order shall constitute, or be construed as, an agreement or order binding on any party or their attorneys that restricts any person in any way from reporting or investigating actual or suspected crimes, or from reporting or investigating suspected violations of the laws of the United States or of any individual State or other governmental unit or division.

18. If any party objects to the confidentiality of any document designated as Confidential Material and produced or exchanged in this litigation, the objecting party may apply to the Court by motion for a ruling that the document shall not be treated as confidential. The burden of proof shall be with the party asserting the confidentiality of the document. Until the Court rules upon such motion, the subject document shall be afforded the confidential treatment provided for in this Order.

19. Nothing in this Order shall prevent an party from applying to the Court for further provisions regarding confidentiality of specific material, from challenging the designation of any discovery materials as confidential, or from otherwise seeking relief from the terms of this Order, provided, however, that prior to such application the parties shall make an effort to

4822-3928-7297.01

resolve the matter by agreement.

20. Any additional parties joined in this matter may agree to be bound by the provisions herein, and will be so bound, upon filing a formal Joinder to this Order.

21. The ultimate disposition of protected materials produced pursuant to this Order shall be subject to a final order of the Court upon completion of the litigation.

This Consent Protective Order is agreed to by the undersigned parties:

FOR AND WITH AUTHORITY OF PLAINTIFF
TRINA B. BROWN

  /s/ Geraldine Sumter
Geraldine Sumter
N.C. Bar No: 11107
Ferguson, Stein, Chambers, Gresham & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204
Telephone: 704-375-8461
Facsimile: 704-334-5654
Email: gsumter@fergusonstein.com


Date: July 2, 2007


FOR AND WITH AUTHORITY OF DEFENDANT
TEACHERS INSURANCE AND ANNUITY ASSOCIATION
OF AMERICA

  /s/ Andrew M. Habenicht
Felicia Washington Mauney
N.C. Bar No: 17642
Andrew M. Habenicht
N.C. Bar No: 32707
Kennedy Covington Lobdell & Hickman, L.L.P.
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: 704-331-7400
Facsimile: 704-353-3294
Email: fmauney@kennedycovington.com

ahabenicht@kennedycovington.com

Date: July 2, 2007

**IT IS SO ORDERED**,

Signed: July 13, 2007

Graham C. Mullen
United States District Judge

Appendix A

# **NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Consent Protective Order in <u>Trina B. Brown v. TIAA-CREF</u>, 3:06-CV-00299, pending in the United States District Court for the Western District of North Carolina and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the referenced Court for purposes of enforcing this Agreement.

DATED: _____  _____

4822-3928-7297.01